**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ARNULFO PRADO-CERVANTEZ,

        Defendant - Appellant.

No. 14-3168
(D.C. No. 5:11-CR-40044-JAR-11)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **HOLMES**, and **MATHESON**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,

Arnulfo Prado-Cervantez pleaded guilty to one count of unlawful use of a

communication to facilitate the distribution of methamphetamine.  The district court

sentenced him to 48 months' imprisonment.  Despite the waiver,

Mr. Prado-Cervantez has filed a notice of appeal in which he alleges a speedy trial

violation and that his waiver was not knowing and voluntary.  The government has

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Prado-Cervantez concedes that the disputed appeal falls within the scope of the waiver. As to the second factor, he asserts "that he did not knowingly or voluntarily agree to the Appeal Waiver. That [he] does not remember reading in written form the Appeal Waiver before the time of Plea, nor does [he] recall that he agreed to the Appeal Waiver in open Court." Resp. at 4. As a consequence of the alleged failure to knowingly and voluntarily waive his appellate rights, he maintains that enforcement of the waiver would result in a miscarriage of justice.

The record does not support Mr. Prado-Cervantez's arguments. First, he admitted that he reviewed the Plea Agreement with his lawyer prior to the change-of-plea hearing. Plea Hr'g Tr. at 8. Further, the government explained in open court the key terms of the Plea Agreement, which included "a waiver of his appellate and collateral attack rights," *id*. at 16, and Mr. Prado-Cervantez acknowledged that one of the key terms was a waiver of his appellate rights, *id*. at 17. Last, the Plea Agreement that bears Mr. Prado-Cervantez's signature states that he

- 2 -

has read and understood the Agreement and that his plea is knowing and voluntary.

Plea Agt. at ¶¶ 15, 16.

The motion to enforce is granted, and this appeal is dismissed.


      Entered for the Court
      Per Curiam